1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ALLEN WILSON, | CASE NO. 1:05-CV-00560-OWW-SMS-P |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS |
| v. | |
| JEANNE WOODFORD, et al., | (Doc. 1) |
| Defendants. | |

I.      Screening Order

        A.      Screening Requirement

        Plaintiff Jack Allen Wilson ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12132 (Americans with Disabilities Act), and 29 U. S. C. § 794 (Rehabilitation Act).[1]  Plaintiff filed this action on April 26, 2005.

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2]  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

---

[1] Plaintiff also alleges tort claims under California law.

[2] Plaintiff was a prisoner at the time he brought this action.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.    Plaintiff's Federal Claims

This action concerns conditions of confinement at the California Substance Abuse Treatment Facility and State Prison-Corcoran, where Plaintiff was incarcerated during the relevant time period. Plaintiff names Jeanne Woodford, Doe 1, Lance Corcoran, Dr. Shu Pin Wu, Dr. David Kyle, M. Divine, Brooks, Dr. S. Suryadevara, and G. Martinez as defendants.

Plaintiff is seeking both money damages and equitable relief.  When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions.  Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).  Because Plaintiff is no longer incarcerated, this action shall be treated as one for damages only.

1.    Eighth Amendment Medical Care Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate

2

1   indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett

2   v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in

3   a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

4   inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference may

5   be manifested "when prison officials deny, delay or intentionally interfere with medical treatment,"

6   or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d

7   1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133,

8   1136 (9th Cir. 1997) (en banc).  Where a prisoner is alleging a delay in receiving medical treatment,

9   the delay must have led to further harm in order for the prisoner to make a claim of deliberate

10   indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd.

11   of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

12          Although Plaintiff's complaint is filled with unnecessary legal conclusions and legalese, the

13   Court finds that once the excess verbiage is disregarded, Plaintiff's basic claim that Defendants

14   violated his rights under the Eighth Amendment by failing to provide constitutionally adequate

15   medical care for his condition of diabetes mellitus and Plaintiff suffered a deterioration in his health

16   as a result is sufficient to state a claim under section 1983. Fed. R. Civ. P. 8(a); Swierkiewicz v.

17   Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir.

18   2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir. 2003); Galbraith v. County of Santa Clara, 307

19   F.3d 1119, 1125-26 (9th Cir. 2002).  With respect to the defendants holding supervisory positions,

20   construed liberally, Plaintiff alleges that they were responsible for the policies and practices that led

21   to the unavailability of proper care and proper care programs for Plaintiff's condition.  This is

22   sufficient to state a claim. Id.

23                            2.    ADA and RA Claims

24          Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act

25   (RA) "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039,

26   1052 (9th Cir. 2002).  Title II of the ADA provides that "no qualified individual with a disability

27   shall, by reason of such disability, be excluded from participation in or be denied the benefits of the

28   services, programs, or activities of a public entity, or be subject to discrimination by such entity."

42 U.S.C. § 12132.  Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."  29 U. S. C. § 794.  Title II of the ADA and the RA apply to inmates within state prisons.  Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability."  Lovell, 303 F.3d at 1052.  "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance."  Id.

In Roundtree v. Adams CV-F-01-6502-OWW-SMS-P, the Honorable Oliver W. Wanger found that individual liability is precluded under Title II of the ADA.  (Roundtree, Court Doc. 117.) In the opinion, Judge Wanger stated

> The ADA defines "public entity" in relevant part as "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government."  42 U.S.C. § 12131(1)(A)-(B) . . . .  "Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity." Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000).  The term "public entity," "as it is defined within the statute, does not include individuals." Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999); see also 42 U.S.C. § 12131(1).  "In suits under Title II of the ADA . . . the proper defendant usually is an organization rather than a natural person. . . . Thus, as a rule, there is no personal liability under Title II." Walker v. Snyder, 213 F.3d 344, 346 (7th Cir. 2000); accord Miller v. King, 384 F.3d 1248, 1276-77 (11th Cir. 2004) . . . .  Individual liability is precluded under ADA Title II.

(Doc. 117, 16:18-17:6.)  Accordingly, Plaintiff's ADA claim for relief against Defendants, all of whom are individuals, is not cognizable.

///

4

1    Assuming Plaintiff may pursue a claim against individual Defendants under the RA, Plaintiff

2    has not alleged facts to support such a claim.  The basis of Plaintiff's claim is that he was not

3    provided with appropriate care for his diabetes.  Plaintiff alleges that he was not provided with a

4    therapeutic medical diet, diabetic menus, education, daily fingersticks and injections, and annual

5    colon checks.  Plaintiff alleges that as a result, his medical condition deteriorated.  The  treatment,

6    or lack of treatment, concerning Plaintiff's medical condition does not provide a basis upon which

7    to impose liability under the RA or the ADA.  Burger v. Bloomberg, 418 F.3d 882, 882  (8th Cir.

8    2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler

9    v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment

10   decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (Medical

11   decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir.

12   1996) ("The ADA does not create a remedy for medical malpractice.").

13   Plaintiff has not alleged any facts that support a claim he was subjected to intentional

14   discrimination by reason of his disability and excluded from participation in any program or activity.

15   Although the Court is mindful of notice pleadings standards, Plaintiff's complaint contains only

16   vague and conclusory allegations mirroring the general language of statutes.  This is not sufficient

17   to state a claim for relief.

18        C.    Conclusion

19        Plaintiff's complaint states a cognizable claim for relief under section 1983 for violation of

20   the Eighth Amendment stemming from the care and treatment of Plaintiff's diabetes.  Plaintiff's

21   complaint does not contain a cognizable claim for relief under the ADA or the RA, however.  In an

22   abundance of caution, the Court will provide Plaintiff with an opportunity to amend his complaint,

23   if Plaintiff believes in good faith that he can amend his claims.

24        If Plaintiff does not wish to amend and wishes to proceed forward on his Eighth Amendment

25   and state law claims, Plaintiff may so notify the Court.  The Court will then forward Plaintiff

26   summonses and USM-285 forms to fill out and return to the Court.  Upon receipt of the service

27   documents, the Court will issue an order directing the United States Marshal to initiate service of

28   process on Defendants.

In the event that Plaintiff does wish to amend his complaint, Plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, if Plaintiff opts to amend, his amended complaint must comply with Rule 8(a). Specifically, Plaintiff should set forth his claims for relief and for each claim, set forth the facts that support the claim. If Plaintiff's amended complaint is needlessly lengthy and filled with legal conclusions and legalese, it will be stricken from the record for failure to comply with Rule 8.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a.      File an amended complaint curing the deficiencies identified by the Court in this order, or

   b.      Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed against on his Eighth Amendment and state law tort claims; and

///

///

///

///

3.     If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:     February 23, 2006**                    **/s/ Sandra M. Snyder**
icido3                                          UNITED STATES MAGISTRATE JUDGE