# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ALLEN WILSON,<br><br>    Plaintiff,<br><br>    v.<br><br>JEANNE WOODFORD, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:05-CV-00560-OWW-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ADA AND RA CLAIMS<br><br>(Doc. 1) |

I.    Findings and Recommendations Following Screening of Complaint

   A.    Screening Requirement

Plaintiff Jack Allen Wilson ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12132 (Americans with Disabilities Act), and 29 U. S. C. § 794 (Rehabilitation Act).[1] Plaintiff filed this action on April 26, 2005. (Doc. 1.) On February 24, 2006, the Court issued an order finding that Plaintiff's complaint states a cognizable claim for relief under section 1983 for violation of the Eighth Amendment stemming from the care and treatment of Plaintiff's diabetes, but does not contain a cognizable claim for relief under the ADA or the RA. (Doc. 9.) The Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on his Eighth Amendment and state law claims. (Id.) On March 16, 2006, Plaintiff notified the

///

---

[1] Plaintiff also alleges tort claims under California law.

1

Court that he wishes to proceed only with his cognizable claims. (Doc. 10.) Based on Plaintiff's response, this Findings and Recommendations now issues.

B. <u>Screening Requirement</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2] 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. <u>See</u> <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), <u>citing</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see also</u> <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

C. <u>Plaintiff's Federal Claims</u>

This action concerns conditions of confinement at the California Substance Abuse Treatment Facility and State Prison-Corcoran, where Plaintiff was incarcerated during the relevant time period. Plaintiff names Jeanne Woodford, Doe 1, Lance Corcoran, Dr. Shu Pin Wu, Dr. David Kyle, M. Divine, Brooks, Dr. S. Suryadevara, and G. Martinez as defendants.

///

---

[2] Plaintiff was a prisoner at the time he brought this action.

Plaintiff is seeking both money damages and equitable relief. When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Because Plaintiff is no longer incarcerated, this action shall be treated as one for damages only.

          1.      Eighth Amendment Medical Care Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Although Plaintiff's complaint is filled with unnecessary legal conclusions and legalese, the Court finds that once the excess verbiage is disregarded, Plaintiff's basic claim that Defendants violated his rights under the Eighth Amendment by failing to provide constitutionally adequate medical care for his condition of diabetes mellitus and Plaintiff suffered a deterioration in his health as a result is sufficient to state a claim under section 1983. Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir.


2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir. 2003); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002). With respect to the defendants holding supervisory positions, construed liberally, Plaintiff alleges that they were responsible for the policies and practices that led to the unavailability of proper care and proper care programs for Plaintiff's condition. This is sufficient to state a claim. Id.

      2.     ADA and RA Claims

Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U. S. C. § 794. Title II of the ADA and the RA apply to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id.

In Roundtree v. Adams CV-F-01-6502-OWW-SMS-P, the Honorable Oliver W. Wanger found that individual liability is precluded under Title II of the ADA. (Roundtree, Court Doc. 117.)

4

N/A

In the opinion, Judge Wanger stated

> The ADA defines "public entity" in relevant part as "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(A)-(B).... "Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity." *Thomas v. Nakatani*, 128 F.Supp.2d 684, 691 (D. Haw. 2000). The term "public entity," "as it is defined within the statute, does not include individuals." *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999); *see also* 42 U.S.C. § 12131(1). "In suits under Title II of the ADA . . . the proper defendant usually is an organization rather than a natural person. . . . Thus, as a rule, there is no personal liability under Title II." *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000); *accord Miller v. King*, 384 F.3d 1248, 1276-77 (11th Cir. 2004) . . . . Individual liability is precluded under ADA Title II.

(Doc. 117, 16:18-17:6.) Accordingly, Plaintiff's ADA claim for relief against Defendants, all of whom are individuals, is not cognizable.

Assuming Plaintiff may pursue a claim against individual Defendants under the RA, Plaintiff has not alleged facts to support such a claim. The basis of Plaintiff's claim is that he was not provided with appropriate care for his diabetes. Plaintiff alleges that he was not provided with a therapeutic medical diet, diabetic menus, education, daily fingersticks and injections, and annual colon checks. Plaintiff alleges that as a result, his medical condition deteriorated. The treatment, or lack of treatment, concerning Plaintiff's medical condition does not provide a basis upon which to impose liability under the RA or the ADA. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (Medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

Plaintiff has not alleged any facts that support a claim he was subjected to intentional discrimination by reason of his disability and excluded from participation in any program or activity. Although the Court is mindful of notice pleadings standards, Plaintiff's complaint contains only vague and conclusory allegations mirroring the general language of statutes. This is not sufficient to state a claim for relief.

///

D.     Conclusion

Plaintiff's complaint states a cognizable claim for relief under section 1983 for violation of the Eighth Amendment stemming from the care and treatment of Plaintiff's diabetes. Plaintiff's complaint does not contain a cognizable claim for relief under the ADA or the RA, however. The Court provided with the opportunity to file an amended complaint, but Plaintiff opted to proceed with the claims the Court found to be cognizable.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed April 26, 2005, against Defendants Woodford, Doe 1, Corcoran, Wu, Kyle, Divine, Brooks, Suryadevara, and Martinez on Plaintiff's Eighth Amendment and state law claims;

2. Plaintiff's ADA and RA claims be dismissed from this action for failure to state a claim upon which relief may be granted; and

3. Plaintiff's claim for injunctive relief be dismissed as moot in light of Plaintiff's release from prison.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 23, 2006**           /s/ Sandra M. Snyder
icido3                                 UNITED STATES MAGISTRATE JUDGE